```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. THOMAS AND ST. JOHN

JOHN SCHULTERBRANDT, SR.,        )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    Civil No. 2017-07
                                 )
REINALDO ROSARIO PAGAN,          )
RMR CONSTRUCTION,                )
                                 )
          Defendants.            )
                                 )
```

**APPEARANCES:**

**Martial A. Webster, Sr.**
Law Office of Martial A. Webster, Sr.
Frederiksted, U.S.V.I.
    *For John Schulterbrandt, Sr.*

## JUDGMENT

**GÓMEZ, J.**

Before the Court is the motion of John Schulterbrandt, Sr. ("Schulterbrandt") for default judgment against Reinaldo Rosario Pagan and RMR Construction.

### I.     FACTUAL AND PROCEDURAL HISTORY

Having reviewed the record, the Court makes the following findings of fact:

1. RMR Construction ("RMR") is a construction company that does business in Puerto Rico.

2. Reinaldo Rosario Pagan ("Pagan") owns RMR.

3. On or about June 7, 2015, John Schulterbrandt ("Schulterbrandt") and Pagan agreed that Schulterbrandt would purchase building materials from Pagan. Schulterbrandt planned to use the materials to build two houses.

4. On or about June 7, 2015, Schulterbrandt gave Pagan $3,000 as payment for drawings of the two houses.

5. On June 15, 2015, Schulterbrandt deposited $10,000 into a bank account owned by Pagan. Schulterbrandt made the deposit so that Pagan could purchase construction materials for Schulterbrandt.

6. On June 17, 2015, Schulterbrandt deposited $27,000 into Pagan's account. Pagan was supposed to use the deposited funds to purchase construction materials for Schulterbrandt.

7. On September 24, 2015, Schulterbrandt deposited $5,000 into Pagan's account. Pagan was supposed to use the deposited funds to purchase construction materials for Schulterbrandt.

8. On November 6, 2015, Schulterbrandt deposited $5,000 into Pagan's account. Pagan was supposed to use the deposited funds to purchase construction materials for Schulterbrandt.

9. On November 27, 2015, Schulterbrandt deposited $30,000 into Pagan's account. Pagan was supposed to use the deposited funds to purchase construction materials for Schulterbrandt.

10. On or about November 28, 2015, Schulterbrandt paid Pagan $2,500 for Pagan to purchase construction materials.

11. Pagan never sent Schulterbrandt the construction materials for which Schulterbrandt paid.

12. Pagan has not returned any of the money that Schulterbrandt paid to Pagan.

13. Schulterbrandt initiated the instant action against Pagan and RMR to enforce his contractual rights.

14. On April 24, 2017, Schulterbrandt served Pagan with a summons and a copy of the complaint.

15. On April 24, 2017, Schulterbrandt served RMR with a summons and a copy of the complaint.

16. Neither Pagan nor RMR have filed an answer to Schulterbrandt's complaint or otherwise appeared in this action.

17. On December 20, 2017, the Clerk of Court entered default against Pagan and RMR.

18. Pagan is a competent adult and is not on active duty for any branch of the United States Uniformed Services.

**II. DISCUSSION**

Federal Rule of Civil Procedure 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. V.I. Bd. Of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). A motion for entry of default judgment must contain evidence of the following: (1) that default was entered; (2) that the defendant has not appeared; (3) that the defendant is not an infant or incompetent; (4) that all pleadings were validly served upon the defendant; (5) the amount of judgment and how it was calculated; and (6) an affidavit of non-military service. *See Bank of Nova Scotia v. Abdallah*, No. CV 20012-0033, 2014 WL 2976232, at *3 (D.V.I. July 1, 2014). In addition, the Court must consider three factors when determining whether to grant a default judgment: "(1) [the] prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

**III. ANALYSIS**

In order to establish a breach of contract claim under Virgin Islands law, a plaintiff must establish: "'(1) an agreement, (2)

a duty created by that agreement, (3) a breach of that duty, and (4) damages.'" Arlington Funding Servs., Inc. v. Geigel, 51 V.I. 118, 135 (V.I. 2009)(quoting Galt Capital, LLP v. Seykota, 2007 U.S. Dist. LEXIS 53199, at *6 (D.V.I. July 18, 2007)). An agreement may be either express, one which is stated in oral or written words, or implied wholly or partially from the parties' conduct. *See* Restatement (Second) of Contracts § 4; Delta Elec. v. Biggs, 2011 U.S. Dist. LEXIS 107805, *10, 63 V.I. 876 (D.V.I. App. Div. 2011). The facts found by the Court establish each of the elements for a breach of contract claim.

    The premises considered, it is hereby

    **ORDERED** that Schulterbrandt's motion for default judgment [ECF Number 19] is **GRANTED**; it is further

    **ORDERED** that Schulterbrandt shall recover from Pagan $82,500; it is further

    **ORDERED** that prejudgment interest shall accrue on the $82,500 award from January 26, 2017, to September 14, 2018, at the rate prescribed by V.I. Code Ann. tit. 11, § 951; it is further

**ORDERED** that post judgment interest shall accrue on the award from September 14, 2018, until payment at the rate prescribed by 28 U.S.C. § 1961; it is further

**ORDERED** that all pending motions are **MOOT**; it is further

**ORDERED** that the trial setting in this matter is **VACATED**; it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

                                          S\_____
                                            **Curtis V. Gómez**
                                            **District Judge**