JOHN SCHULTERBRANDT, SR.    )
    )
        Plaintiff,    )
    )
        v.    )    **Civil No. 2017-7**
    )
**REINALDO ROSARIO PAGAN, RMR**    )
**CONSTRUCTION,**    )
    )
        Defendants.    )
    )

**APPEARANCES:**

**Martial A. Webster**
Law Offices of Martial A. Webster Sr.
St. Croix, U.S.V.I.
    *For John Schulterbrandt, Sr..*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of John Schulterbrandt, Sr. ("Schulterbrandt") for attorney's fees and costs.

On January 26, 2017, Schulterbrandt brought an action for debt and breach of contract against Reinaldo Rosario Pagan ("Pagan") and RMR Construction ("RMR"). Neither Pagan nor RMR filed an answer to Schulterbrandt's complaint or otherwise appeared in this action. On December 20, 2017, the Clerk of Court entered default against Pagan and RMR. On September 14, 2018, the Court entered default judgment against Pagan and RMR.

On September 27, 2018 Schulterbrandt filed a motion for
attorney's fees and costs. Schulterbrandt sought $7,890 in
attorney's fees along with $912.50 in costs. The Court referred
the motion to the Magistrate Judge for a Report and
Recommendation.

On September 9, 2019, the Magistrate issued a Report and
Recommendation on Schulterbrandt's motion for attorney's fees
and costs. The Magistrate recommended awarding Schulterbrandt
$5,250 in attorney's fees and $600 in costs.

With respect to attorney's fees, the Magistrate noted that
Schulterbrandt provided support for $5,250 in attorney's fees
that had accrued prior to July 15, 2018. Schulterbrandt also
sought fees for work done after this period but had failed to
provide any support for those fees. Accordingly, the Magistrate
recommended awarding Schulterbrandt only the $5,250 in
attorney's fees. With respect to costs, the Magistrate found
that $600 of Schulterbrandt's requested costs were allowable and
reasonable.

Schulterbrandt has not objected to or otherwise responded
to the Magistrate's Report and Recommendation.

Litigants may make "specific written objections" to a
magistrate judge's report and recommendation "[w]ithin 14 days
after being served with a copy of the recommended disposition."
*See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)

("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* When no objection to a magistrate's report and recommendation is made, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008)(explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error' ").

Because Schulterbrandt did not object to the Magistrate's Report and Recommendation within 14 days, the Court will review the Report and Recommendation for clear error. Having reviewed the record, the Court agrees with the Magistrate's recommendations and finds no error, let alone plain error.

The premises considered, it is hereby

**ORDERED** that the Report and Recommendation docketed at ECF Number 36 is **ADOPTED**; it is further

**ORDERED** that the motion for attorney's fees and costs docketed at ECF Number 34 is **GRANTED** in part and **DENIED** in part; it is further

**ORDERED** that Reinaldo Rosario Pagan and RMR Construction shall be liable to John Schulterbrandt, Sr., for attorney's fees in the amount of $5,250; and it is further

**ORDERED** that Reinaldo Rosario Pagan and RMR Construction shall be liable to John Schulterbrandt, Sr., for costs in the amount of $600.

**S\_____**
         **Curtis V. Gómez**
         **District Judge**